**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00467-VAP (OPx)                    Date:  March 21, 2013

Title:   FEDERAL HOME LOAN MORTGAGE CORPORATION -v- NIDIA Y. GOLLA, AND DOES 1-10, INCLUSIVE
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

   Marva Dillard                                None Present
   Courtroom Deputy                             Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFFS:                            DEFENDANTS:

   None                                         None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

     On March 13, 2013, Pro Se Defendant Nidia Y. Golla removed this action from the California Superior Court for the County of San Bernardino, alleging federal question jurisdiction.  (See Not. of Removal (Doc. No. 1) ¶ 9.)  For the reasons expressed below, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

     Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford

EDCV 13-00467-VAP (OPx)
FEDERAL HOME LOAN MORTGAGE CORPORATION v. NIDIA Y. GOLLA, AND DOES 1-10, INCLUSIVE
MINUTE ORDER of March 21, 2013

Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

  Golla asserts that federal question jurisdiction exists in this case under 28 U.S.C. § 1331, because her demurrer depends on the determination of "Defendants' rights and Plaintiff's duties under federal law." (See Not. of Removal ¶ 9.) The Complaint raises a single claim for unlawful detainer. (See Compl., Ex. A to Not. of Removal.) The issues raised in Golla's demurrer are defenses to that claim.

  Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of a federal defense (by itself) does not, however, raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently cannot support removal of an action. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

  As no proper basis for removal exists, the Court lacks subject-matter jurisdiction and REMANDS this matter to the California Superior Court for the County of San Bernardino.

  **IT IS SO ORDERED.**